## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

Cyrillon Arisma and Wilbert Baptiste (hereafter "Plaintiffs"), are involved in a civil action brought against Antonio Ulloa, Ulloa Group Enterprises II, Inc. and Ulloa Group Enterprises III, Inc. (hereafter, collectively, and jointly and severally, the "Defendants" or "the Company") in the United States District Court for the Southern District of Florida, Case No. 15-cv-62318 (the "FLSA Lawsuit"), claiming violations of the Fair Labor Standards Act (hereafter "FLSA").

The parties acknowledge and agree that this settlement over a legally and factually disputed claim was negotiated at "arms length" and with the advice of counsel.

This Settlement Agreement and General Release ("Agreement") is made by and between Plaintiffs on behalf of themselves, their agents, representatives, assignees, heirs, executors and administrators, collectively referred to as "Plaintiffs," and "Defendants", and their present and future parent companies, subsidiaries, affiliates, divisions, related business entities, successor and assign companies, including, but not limited to, Defendants, and their present and former officers, shareholders, directors, employees, contractors, affiliates, agents, insurers, carriers, attorneys, successors, assigns, and representatives.

The parties hereto represent that they wish to settle their differences in this matter in conformity with federal, state, and local law. The parties hereto wish to settle all claims that they may have or may have had against each other from the beginning of time through the effective date of this Agreement. The parties intend that this settlement will resolve all such claims, including, but not limited to, any claims arising out of or relating to the employment of Plaintiffs by Defendants. Therefore, in order to achieve this result, the parties undertake to perform the following:

In consideration of the mutual obligations created by this Agreement, Plaintiffs: (A) will unconditionally to dismiss their claims against Defendants with prejudice in the FLSA Lawsuit, with all parties to bear their own costs and fees except as otherwise agreed; (B) agree to take, or have their attorney take, any actions necessary to have their claims dismissed with prejudice in the FLSA Lawsuit; and (C) waive and release any right to initiate or join in any civil action against Defendants for any matter accruing and/or arising prior to the execution of this Agreement.

1. In consideration for the undertakings of Plaintiffs under this Agreement, Defendants agree to pay , in five checks, the total sum (the "Settlement Sum") of **$11,252.00** (comprised of (a) $4,240.00 in attorneys' fees and $492.94 in costs; (b) $3,600.00 to Wilbert Baptiste as back W-2 wages; (c) $1,023.38 to Baptiste as liquidated damages; (d) $1,476.00 to Cyrillon Arisma as back W-2 wages; and (e) $419.68 to Cyrollon Arisma as liquidated damages).

    The Defendants shall deliver the Settlement Sum on the following schedule:

    a. By February 1, 2016, Defendants shall deliver $2,500.00 to the office of

    b. By March 1, 2016, Defendants shall deliver $1,458.70 to the office of Plaintiffs' counsel;

    c. By April 1, 2016, Defendants shall deliver $1,458.66 to the office of Plaintiffs' counsel;

    d. By May 2, 2016, Defendants shall deliver $1,458.66 to the office of Plaintiffs' counsel;

    e. By June 1, 2016, Defendants shall deliver $1,458.66 to the office of Plaintiffs' counsel;

    f. By July 1, 2016, Defendants shall deliver $1,458.66 to the office of Plaintiffs' counsel;

    g. By August 1, 2016, Defendants shall deliver $1,458.66 to the office of Plaintiffs' counsel;

Time is of the essence. Failure of the Defendants to timely pay any part or installment of the Settlement Sum, shall entitle the Plaintiffs to file an unopposed motion for entry of a self-executing final judgment in the amount of $16,252.00 less any amounts paid by Defendants.

The Defendants shall issue the appropriate tax forms in connection with the wages, liquidated damages and fees/costs, herein.

The consideration described above is in full settlement of all claims for damages or any other relief sought or which could have been sought by Plaintiffs and/or their attorney against Defendants, for any reason whatsoever, including any claims for attorneys' fees and/or costs. In exchange for the above consideration, Plaintiffs release Defendants, from all such claims and claims for any relief, including, but not limited to, claims for overtime pay, commissions, back pay, front pay, lost benefits, compensatory damages, liquidated damages, punitive damages, attorney's fees, expert's fees, costs, and any other element of relief or damages which they claimed or could have claimed in the FLSA Lawsuit against Defendants or in any other actions against Defendants.

The parties hereto agree and acknowledge that the amounts paid hereunder for attorneys' fees and costs was an amount negotiated separately from the amounts paid to the Plaintiffs, herein.

2. Plaintiffs acknowledge, and specifically waive any and all claims to any temporary or permanent placement, reinstatement or employment with Defendants both now and in the future. Plaintiffs agree not to apply for future employment with Defendants and not to seek or accept employment with Defendants by any other means, including through a temporary employment agency. Defendants will not be obligated to employ Plaintiffs under any circumstances. Defendants will provide a neutral reference for any prospective employer of Plaintiffs. It will be a material violation of this Agreement for Defendants to reveal to prospective employers of the Plaintiffs, that Plaintiffs brought litigation against the Defendants.

3. In exchange for Plaintiffs entering into this Agreement and for the other consideration herein, the Defendants release all Plaintiffs from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that the Defendants once had or now has, whether arising out of Plaintiffs' work or employment, or otherwise, and whether known or unknown to the Defendants from the beginning of the world to the date of these presents. The Defendants also release and discharge Plaintiffs from any past agreements, past promises or past covenants made by Plaintiffs, prior to the date of this Agreement. Through this Agreement, The Defendants provide a General Release to Plaintiffs.

4. In consideration of the actions taken by Defendants in compliance with this Agreement, Plaintiffs release Defendants from any and all liabilities and claims of any kind or nature, whether at law or in equity, which they had, may have had, or may now have, through the effective date of this Agreement, based on any local, federal or state statute, ordinance, regulation, constitution or the common law, or any contract or Defendants' policy. This full and general release includes, without limitation, a waiver and full release of all rights or claims including unknown claims that Plaintiffs had or may have had under the Fair Labor Standards Act; the Florida Civil Rights Law, Chapter 760, Florida Statutes; the Florida Minimum Fair Wage Standards Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Age Discrimination in Employment Act of 1967; the Older Workers' Benefit Protection Act, the Americans with Disabilities Act of 1991; 42 U.S.C. § 1981; the Employee Retirement Income Security Act; the Worker Adjustment Retraining and Notification Act; the Family Medical Leave Act; the Labor Management Relations Act; the Federal False Claims Act; the Florida Whistleblower's Act; the Florida False Claims Act; or the Florida Constitution, including all amendments to any of the aforementioned acts; all other federal, state or local laws, ordinances, regulations, or common law pertaining to employment discrimination or any other matter, including alleged inducement to enter into this Agreement; any state or common law tort or contract theories under which this or any other action was brought or could have been brought; all claims for attorney's fees and costs; and all claims for physical, mental, emotional, and/or pecuniary injuries, losses and damages of every kind, including, but not limited to, earnings, wages, overtime pay, commissions, punitive, liquidated, compensatory damages, fees, costs, and employee benefits. In addition, Plaintiffs agree not to participate in, encourage, assist or facilitate the bringing or maintenance of any kind of cause of action, claim, report, or any charge of discrimination, or other administrative complaint on the federal, state, or local level by any former or present Company employees against the Company based on any matter arising or accruing prior to this Agreement, unless required by law.

5. Plaintiffs represent and agree that they will keep the terms of this Agreement, the amounts paid hereunder, and the claims asserted in the FLSA Lawsuit discussed above, all (hereafter "Confidential Information") confidential

and will not disclose such information to any person, except to taxing authorities, immediate family members, spouses, accountants or tax or legal advisors on a need-to-know basis only, or as otherwise required by law. Plaintiffs agree to instruct any persons (listed above) to whom they discloses confidential information to keep the information confidential. Plaintiffs will be responsible for any disclosure they make and any subsequent disclosure. If Plaintiffs are asked about Plaintiffs' claim against Defendants, they agree to simply state that the claim was amicably resolved. Nothing else will be said regarding the matter and if not specifically asked about it, Plaintiffs agree not to discuss it unless otherwise legally required to do so.

6. Plaintiffs agree and acknowledges that neither this Agreement nor any action taken pursuant to its terms is or shall be construed to be an admission of any violation of any federal, state, or local statute or regulation, or of any legal duty owed to Plaintiffs by Defendants. Liability is expressly denied.

7. <u>Mutual Non-Disparagement</u>. Plaintiffs agree that at no time in the future will they make any statements (orally or in writing, including, without limitation, whether in fiction or nonfiction) or take any actions which in any way reasonably disparage or defame Defendants, or in any way, directly or indirectly, cause or encourage the making of such statements, or the taking of such actions by anyone else.

8. The Defendants agree that they will not make any statements (orally or in writing, including, without limitation, whether in fiction or nonfiction) or take any actions which in any way disparage or defame Plaintiffs.

9. In executing this Agreement, the parties affirm that they are competent to do so, have consulted with counsel of their choosing, and understand and accept the nature, terms and scope of this Agreement as fully resolving any differences and disputes between them, including those arising out of any employment with the Company and the termination of that employment. Further, this Agreement is acknowledged to be the free act of all parties, each of whom is authorized to enter into this Agreement and all of whom have had a reasonable time to consider it before signing. By signing this Agreement, the parties acknowledge their understanding of its terms and effects and that there is no reason to believe either party is not competent to sign this Agreement.

10. This Agreement binds the parties and their heirs, representatives, executors, administrators, successors and assigns.

11. Plaintiffs represent that they have not assigned or transferred, or purported to assign or transfer, any claim released herein or any portion thereof to any person or entity, and agree to indemnify, defend and hold Defendants harmless from and against any and all claims based upon or arising out of any

such assignment or transfer, or purported assignment or transfer, of any claims or any portion thereof or interest therein.

12. The parties represent that there is no proceeding that prevents them from entering into this Agreement or acting according to its terms.

13. This Agreement contains the entire agreement and complete settlement of the parties, and no other statements, promises, or understanding of any party may alter the plain meaning of the terms of this Agreement. Should Plaintiffs be required to enforce the Defendants' payment obligations under this Agreement, they shall be entitled to reasonable attorney's fees and costs. The parties shall request that the U.S. District Court retain jurisdiction to enforce the terms of this Agreement as a condition of settlement.

14. This Agreement may not be changed or altered, except in writing by authorized representatives of the parties.

15. Should any provision of this Agreement require interpretation or construction, it is agreed by the parties that the person or entity interpreting or construing this Agreement shall not apply a presumption that the provisions hereof shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed more strictly against the party who prepared the Agreement, it being agreed that all parties, individually and by their respective attorneys, have participated in the preparation of all provisions of this Agreement.

16. If, at any time after the date of the execution of this Agreement, any provision of this Agreement is held illegal, void or unenforceable, such provision shall be of no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provisions of this Agreement. Further, upon a legally binding decision regarding this Agreement that any provision of it is illegal and/or unenforceable, each party agrees to and shall execute immediately upon the other parties request, an agreement which excludes the terms found offensive by a courts.

THE FOREGOING TERMS ARE AGREED TO BY:

_/s/_____
WILBERT BAPTISTE

_/s/_____
CYRILLON ARISMA

_____
ANTONIO ULLOA

_____
Name: Antonio Ulloa
Authorized Representative for ULLOA GROUP ENTERPRISES, II

_____
Name: Antonio Ulloa
Authorized Representative for ULLOA GROUP ENTERPRISES, III